In February, 1926, I.E. Miller of Seattle, was conducting a business known as the Miller-Godsil Co., and the Golden Rule Dry Goods Store. He was then indebted to various persons and unable to pay his debts in full, and made an assignment for the benefit of his creditors to B.T. Woods, as assignee, under the authority of Rem. Comp. Stat., §§ 1086 to 1103 inclusive [P.C. §§ 2854 to 2870]. Thereafter Woods duly recorded the assignment, filed his oath and bond as required by law, the cause being number *Page 203 
189024 of the records of the clerk of the superior court of King county. By this assignment, Miller assigned all of his interest in any property he had to Woods, the assignee, and set forth that the Golden Rule Dry Goods Store, located at No. 1503 Greenwood avenue in the city of Seattle, was really owned by one Maurice Shapiro, one of the respondents herein. Shapiro claimed the property and his claim is now pending.
Thereafter the assignee, Woods, through his attorney, issued subpoenaes duces tecum directed to the respondents, requiring them to appear before the court on the 13th day of April, 1926, for examination. The subpoenaes were duly served and thereafter respondents appeared through their attorneys and moved to quash the subpoenaes and that they be discharged, on the ground that there was no authority in law for such an examination. The lower court granted the motion to quash and this appeal follows.
[1] The statutes of this state, in so far as the same seem to be applicable to this case, are as follows:
"Section 1095. No assignment shall be declared fraudulent or void for want of any list or inventory as provided in this chapter. The court or judge may, upon application of the assignee, or any creditor, compel the appearance in person of the debtor before such court or judge forthwith, to answer under oath such matters as may then and there be inquired of him; and such debtor may then and there be fully examined under oath as to the amount and situation of his estate, and the names of the creditors, and amounts due to each, with their places of residence, and the court may compel the delivery to the assignee of any property or estate embraced in the assignment." Rem. Comp. Stat., § 1095.
"Section 1098. Any assignee as aforesaid shall have as full power and authority to dispose of all estate, real and personal, assigned, as the debtor had at the time of the assignment, and to sue for and recover, in the name of such assignee, everything belonging or *Page 204 
appertaining to said estate, and generally to do whatever the debtor might have done in the premises; but no sale of real estate belonging to said trust shall be made without notice published, as in case of sale of real estate on execution, unless the court shall order and direct otherwise." Rem. Comp. Stat., § 1098.
The above quoted sections of the law seem to be plain and unambiguous. They give to the court power to compel the appearance in person of the debtor to answer under oath such matters as may then be inquired of him. But the statute does not purport to grant authority to the court to call any other person. In addition thereto, the above quoted statutes provide that the assignee shall have full power to sue for and recover every thing belonging or appertaining to the estate.
We hold that the assignee, acting under the provisions of the above quoted statutes, may not bring in third persons for examination.
The judgment of the lower court is affirmed.
MACKINTOSH, C.J., FULLERTON, MAIN, and MITCHELL, JJ., concur. *Page 205